1 iSCHOTT, Chief Judge,
dissenting.

I respectfully dissent and would affirm, defendant’s conviction and sentence.

Defendant argues that the trial court erred (1) in disallowing full examination of the jurors’ personal backgrounds because counsel had already been provided with a master list identifying age, marital status, number of children, occupation, place of employment, and address; (2) the trial court improperly restricted questioning of the jurors about whether they had been victims of crime except for crimes of violence committed with a dangerous weapon; and (3) the trial court impermissibly curtailed the voir dire examination of two jurors, John Rowland and Marie Gibilant.
On the first complaint, defense counsel was prevented from asking a juror, employed by Freeport McMoRan, in what department of the company she worked. Counsel argued that the juror might work in the corporation’s legal department and that defendant was entitled to know this. At some later point in the voir dire, the judge stated that counsel could go beyond the information sheet if questions revealed that a juror’s employment duties involved him or her in law employment.
On the second complaint, the judge demonstrated early on that he would restrict questions about jurors having been victims of crime. The trial court interrupted the prosecutor while he conducted the first voir dire of the first group of jurors. He asked this question to the group: “Has anyone here ever been a victim of this specific type of crime, violence committed by one on yourself or someone in your near family?” The judge commented: “With a dangerous weapon, Mr. Collins.”
|2When defense counsel questioned the jurors, he asked whether any of them or their relatives had been “victims of crime,” whereupon the judge stated, “no, I told you only crimes of this nature.”
I agree with my colleagues that these rulings were unduly restrictive and were intrusive upon defendant’s right to a “full voir dire examination of prospective jurors” as guaranteed by Art. 1 Section 17 of the Louisiana Constitution, but I am not convinced that this interference was so egregious as to prevent him for getting a fair trial. This is especially so when the evidence against defendant is considered.
Defendant’s conviction was based upon the testimony of two eyewitnesses who undeniably saw defendant stab the victim. The record fully supports the conclusion that defendant had the opportunity to withdraw from the argument, but instead he returned to the room armed with a knife and engaged the victim in an argument which eventually led to the altercation herein.
Defendant’s third claim, that the trial court impermissibly curtailed voir dire of John Rowland and Marie Gibilant, is also without *1335 merit. The record shows that these two prospective jurors were never empaneled as members of the jury and defendant had one challenge available when the jury was seated,
This case is unlike State v. Hall, 616 So.2d 664, 668 (La.1993), where the defendant had been convicted of first degree murder and given the death penalty. The court recognized the principle that the scope of voir dire examination is within the sound discretion of the trial judge and his ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. However, after reviewing the record the court found that the trial judge abused his discretion in controlling voir dire. In the present ease the record does not support the same result. The restrictions imposed by the trial judge in this case are not as significant as those in Hall.